In the Matter of the Estate of AMELIA S. EHRMANN, Deceased.

Surrogate's Court, New York County, August 26, 1943.

*William E. Friedman* for George F. Sauer and another, as trustees, petitioners.

DELEHANTY, S. In this accounting proceeding it is necessary to determine the right of the accounting fiduciaries to commissions. The pertinent provisions of the will provide: ·

" 4. I give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever nature and wheresoever situate, to my executors, in trust nevertheless, to divide into two equal shares, and to create or cause to be created two charitable foundations, to be known respectively as the ' Frederick and Amelia Schimper Foundation ' and the ' Dr. Herman A. and Amelia S. Ehrmann Foundation '.

" 5. I direct my executors to transfer one-half share of my residuary estate to each Foundation, and I authorize my executors to transfer the same in property or in securities or in money, and I direct that the judgment and discretion of my executors as to the subject matter of each share and as to their equality shall not be subject to question by any person.

" 6. I direct that the ' Frederick and Amelia Schimper Foundation ' shall be a charitable foundation, the property of which, — income or principal or both,— shall be used for the benefit of indigent aged persons.

" 7. I direct that the ' Dr. Herman A. and Amelia S. Ehrmann Foundation ' shall be a charitable foundation, the property of which,— income or principal or both,— shall be used for the benefit of indigent, abandoned, neglected or handicapped children.

" 8. I authorize my trustees to associate with themselves such persons, associations or corporations as they may select for the administration of each of such Foundations, or, if they deem wise, to carry out the purposes thereof under their own exclusive control. I authorize them to organize or cause to be organized charitable corporations with appropriate names in memory of my parents and my husband and myself respectively, with full and ample powers to effectuate my charitable purposes under this will. I give and grant unto my trustees and their successors, whether individuals or corporations, in the continuation of the trusts, full and complete power of investment and reinvestment of the principal of such trusts without regard to any restrictions which may be placed from time to time upon the investment of trust funds by the laws of the State of New York."

Under the power granted in paragraph 8 of the will the fiduciaries caused two charitable corporations to be organized under the names respectively prescribed in the will. They now propose to transfer all assets in their hands to these corporations. Thereafter the corporations will of course administer the assets received by them and the fiduciaries, as such, will have no concern therewith. Pending the organization of these

corporations the fiduciaries (without setting up the prescribed Foundations) allocated $9,359.28 of principal and $3,321.70 of income (a total of $12,681.48) to charitable purposes. No one has raised issue as to their right to do this. Not all the organizations to which the contributions were made confine their activities to those prescribed in the will of deceased.

What the fiduciaries have done in their supposed character as trustees they could have done as executors. It is deceased's direction that her *executors* divide the residuary into two equal shares. She made the judgment of her *executors* final in respect of equality of allocation of assets. She directed her *executors* to create the Foundations for the administration of the funds. Finally she directed her *executors* to make the actual transfers.

The realities of the situation disclosed by the account are that the fiduciaries propose to resign their functions. If they had continued to act in administering the funds they would have to be content with the rates of compensation soon to become effective. By making a transfer now and retiring as fiduciaries they seek to avoid that limitation. They contend that they may now substitute a corporate for a fiduciary management while deducting full pay for a fiduciary management not performed.

Counsel for the fiduciaries has expressly disclaimed any reliance on the decree settling the executors' account as a support for a charge of double commissions. He relies solely on what he asserts to be the expressed intention of deceased, as disclosed in her will, to charge her funds doubly. The court deems it inequitable so to charge the funds. It finds no such intent expressed or implied in the text of the will. On the contrary it is clear that under the will the executors could have acted in December, 1942, to effect the same results designed to flow from their acts of June, 1943, performed ostensibly as trustees. Had the *executors* made to the court the request now made for approval of the proposed transfers the court would have authorized the *executors* to do what the trustees now ask leave to do.

In other words, there is here a situation in which only one fiduciary function was to be performed and under the rule in *Matter of Ziegler* (218 N. Y. 544) commissions in a single capacity only may be allowed. The fund having been charged already with a full commission for each of the executors no further compensation is allowable.

Submit, on notice, decree accordingly.